**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DR. LINDA KENNEY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNIVERSITY OF TEXAS, MEDICAL | § | |
| BRANCH | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES DR. LINDA KENNEY, Plaintiff in the above-styled and numbered cause, and files this Original Complaint against Defendant the UNIVERSITY OF TEXAS MEDICAL BRANCH. Plaintiff would respectfully show the Court the following:

## I. THE PARTIES

1.1    Plaintiff DR. LINDA KENNEY ("Dr. Kenney" or "Plaintiff") is an individual residing in Santa Fe, Santa Fe County, New Mexico.

1.2    Defendant the UNIVERSITY OF TEXAS MEDICAL BRANCH ("Defendant" or UTMB or "the university") is an arm or instrumentality of the State of Texas, and is a public university organized under the laws of the State of Texas. Defendant may be served by serving Dr. Jochen Reiser in his capacity as President of UTMB, 301 University Blvd., Galveston, Texas 77555.

## II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction over this action under 28 U.S.C. § 1331 because one or more of Plaintiff's causes of action is created by federal law, specifically Title VII of the Civil

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                          **1**

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all or part of Plaintiff's claims accrued in Galveston County, Texas, which is within this district and division.

### III.  FACTUAL BACKGROUND

3.1     Dr. Kenney was formerly employed by UTMB, from 2019 through early 2025. In April 2025, Dr. Kenney submitted her sworn Charge of Discrimination to EEOC, alleging that UTMB had discriminated against her on the basis of sex and age, and had retaliated against her for opposing age discrimination against her late husband. Her charge was assigned No. 460-2025-05369.

3.2     By June 6, 2025, Dr. Kenney and UTMB had reached an agreement to resolve the issues raised in Dr. Kenney's EEOC charge. Accordingly, Dr. Kenney's counsel wrote to EEOC withdrawing Charge No. 460-2025-05369.

3.3     After six months, however, UTMB had still not turned over personal property belonging to Dr. Kenney, and she filed a second EEOC charge. The property in question is described in more detail on Exhibit A, attached hereto, which is a true and correct copy of the new EEOC charge she submitted on December 12, 2025, and which was assigned EEOC Charge No. 460-2026-01946. As set forth on Exhibit A, the contents of which are hereby incorporated by this reference, in addition to withholding Dr. Kenney's equipment and biological materials, UTMB has pressured her to participate in improper publication attributions.

3.4     The personal property at issue is very valuable, and by withholding it, UTMB is causing Dr. Kenney to be less marketable to potential employers. Further, UTMB's conduct prevents Dr. Kenney from distributing certain tools which her lab developed; her published works

describing the development of these tools committed Dr. Kenney to distribute them upon request, but UTMB is making such distribution impossible.

3.5     UTMB has no legitimate, non-retaliatory reason for withholding Dr. Kenney's property, and has no right of ownership or possession of the property it refuses to turn over. UTMB's conduct in withholding property belonging to Dr. Kenney has been in retaliation for her previous protected activity, including internal complaints of discrimination and the filing of her previous EEOC charge in April 2025. This retaliatory conduct has been and continues to be injurious to Dr. Kenney.

## IV.  CAUSE OF ACTION

4.1     To the extent necessary, all allegations set forth above in Section III. Factual Background (paragraphs 3.1 through 3.5) of this Complaint are hereby referenced and fully incorporated in the claim below by this specific reference, as though set forth in full.

**Title VII Retaliation**

4.2     Title VII prohibits retaliation by an employer against an employee who opposes an employment practice that violates Title VII. *See* 42 U.S.C. § 2000e-3(a) (specifically prohibiting retaliation based on "making a charge" under Title VII). Here, Dr. Kenney opposed discrimination by filing her April 2025 EEOC charge. Although ostensibly settling with Dr. Kenney, UTMB thereafter refused to release Dr. Kenney's property to her. On December 12, 2025, Dr. Kenney filed her EEOC charge setting forth this retaliation by UTMB, and received notice on January 9, 2026, of her right to bring a civil lawsuit within 90 days.

4.3     Plaintiff has thus exhausted her administrative remedies with respect to her state and federal law retaliation claims, and timely brings her claim for retaliation by UTMB under Title

VII. The conduct of DISD retaliating against Plaintiff for opposing the discrimination has caused Plaintiff damages for which she now sues.

## V.  REQUESTED RELIEF

5.1    As the direct and/or proximate result of Defendant UTMB's actions complained of herein, Plaintiff has been damaged and seeks recovery of the full measure of her damages against the university, including but not limited to prospective and injunctive relief ordering the return of her property, and actual and/or economic damages, nominal damages, if applicable, damages for mental and physical anguish and emotional distress, equitable relief, compensatory damages in an amount within the jurisdictional limits of this Court, and all other relief to which she may be entitled.

## VI.  FEES, COSTS, AND INTEREST

6.1    Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent her in connection with this matter, and has agreed to pay the law firm its reasonable and necessary attorneys' fees and costs in connection with such representation. Without waiving and/or limiting any other relief requested, Plaintiff seeks to recover her reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law or in equity, specifically including 42 U.S.C. § 2000e-5(k).

6.2    Plaintiff is also entitled to and seeks to recover costs of court, expert witness fees, and pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VII.  CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's recovery on the claims alleged herein have been performed or have occurred.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                    **4**

## VIII.  DEMAND FOR JURY TRIAL

8.1      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests

a jury trial and has tendered, or will tender, the requisite fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final

hearing, Plaintiff recover judgment against Defendant and be awarded:

(a)      any and all amounts recoverable and/or recognizable as damages under law and/or in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendant (as set forth above more specifically), including both actual and nominal damages;

(b)      return of all of her property being withheld by UTMB;

(c)      her litigation expenses and costs, including but not limited to her attorneys' fees and costs and any applicable expert fees;

(d)      costs of court, pre-judgment and post-judgment interest, at the maximum rate as allowed by law; and

(d)      such other and further relief, both general and special, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

*/s/ Frank Hill*

FRANK HILL
Texas Bar No. 09632000
fhill@hillgilstrap.com

STEFANIE M. KLEIN
Texas Bar No. 11565650
sklein@hillgilstrap.com
HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas 76013

**COUNSEL FOR PLAINTIFF
DR. LINDA KENNEY**

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                    **5**

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

_____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Dr. Linda Kenney c/o Frank Hill, Hill Gilstrap P.C. | (817) 261-2222 | 03/18/1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1400 W Abram Street, Arlington, Texas 76013 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| University of Texas Medical Branch | 11000 | 4097721011 |

| Street Address | City, State and ZIP Code |
|---|---|
| 301 University Blvd., Galveston, Texas 77750 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

UTMB took retaliatory action against me because I successfully brought a Title VII charge against them earlier this year. They have failed to return to me property as described below and pressured me to participate in improper publication attributions.

Property they have failed to return includes an extensive list of equipment that I acquired during my appointments at Oregon Health and Sciences University (1995-2003) and my time at University of Illinois-Chicago (2003-2019). This equipment was acquired through federally funded grants from the National Institutes of Health (NIH) and the National Science Foundation (NSF). It is considered standard practice that these items then become the property of the PI, but UTMB is refusing to release. Some pieces of equipment are quite valuable and would enhance my "marketability" to be able to continue my research in another laboratory. The bacterial strains and reagents are particularly valuable. They represent strains of bacteria that I collected over the course of my career, beginning as a Research Associate at Princeton University (1990-1993), OHSU (1994-2003), UIC (2003-2019) and Singapore (2006-2019). These include clinical isolates from Viet Nam, which includes an extremely important strain of Salmonella Typhi, a human pathogen. The original strains are then used to make important mutations, deletions etc which are valuable for other researchers in the field and should be sent to the International Stock Center for safekeeping and for others to use. Instead UTMB wants to throw them out. Dr. Desai had no authority to enter my lab, which she did illegally. Further, she was not authorized by the Biosafety Committee to handle the strains which she was allowed by UTMB to do. This is a serious violation. Instead, I was treated like a criminal.

Finally, our lab developed many reagents and tools such as photoactivatable fusion proteins, probes for measuring pH inside bacteria, etc. Our published works describing these tools requires us to commit to their distribution upon request to anyone who requests, yet I am being prevented from doing so by UTMB.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | *Melody Myrow* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/12/2025    *Linda Kenney*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)    December 12th 2025 |



MELODY MYROW
Notary Public
STATE OF TEXAS
Notary ID # 12009729
My Comm. Exp. August 25, 2028